



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE WHEELER, ET AL. | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| -vs- | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | |
| Defendants. | : | NO. 04-3792 |

### PLAINTIFFS' RESPONSE TO DEFENDANTS'
### MOTION FOR SUMMARY JUDGMENT

AND NOW, come the plaintiffs, by and through their attorney, who respectfully move this

Honorable Court to issue an Order denying Defendants' Motion for Summary Judgment and in

support thereof state the following:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Denied.  Discovery has adduced that Officers Schaffling and Cannon knew that Mr.

**FILED**

MAR 1 4 2005

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Wheeler "began running around parked cars, foaming at the mouth...repeating someone was after him and they were going to kill him;" that the officers believed Mr. Wheeler did not seem to be in touch with reality and appeared to be under the influence of narcotics or alcohol; that the officers tripped, used control holds, and sprayed him with OC Spray (pepper spray) to subdue him; that the officers then restrained Mr. Wheeler with handcuffs; that the Medical Examiner determined that the cause of death was: "Cardiac Dysrhythmia due to Drug Intoxication **and Restraint** (emphasis added)". Internal Investigation, IAD #02-1119,

13.   Denied.  See answer to paragraph 12.

14.   Admitted.

15.   Admitted.

16.   Admitted.

17.   Admitted.

18.   Admitted.

19.   Admitted.

20.   Admitted.

21.   Admitted.

22.   Admitted.

WHEREFORE, the Plaintiffs respectfully request this Honorable Court to deny defendants' Motion for Summary Judgment and enter an Order in the form attached hereto.

Respectfully Submitted

Dated:  March 14, 2005

LOUIS E. SLAWE
1515 Market Street, Suite 1510
Philadelphia, PA 19102
(215)557-0200
ATTORNEY FOR PLAINTIFFS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RENEE WHEELER, | : | CIVIL ACTION |
|     ET AL. | : | |
|             Plaintiffs, | : | **FILED** |
| | : | |
|    -vs- | : | MAR 1 4 2005 |
| | : | |
| CITY OF PHILADELPHIA, | : | MICHAEL E. KUNZ, Clerk |
|     ET AL. | : | By_____Dep. Clerk |
|             Defendants. | : | NO. 04-3792 |

<u>**MEMORANDUM OF LAW IN SUPPORT OF**</u>
<u>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY**</u>
<u>**JUDGMENT**</u>

**I. FACTS:**

1.    Officers Schaffling and Cannon knew that Mr. Wheeler "began running around parked cars, foaming at the mouth...repeating someone was after him and they were going to kill him." Internal Investigation, IAD #02-1119.

2.    The officers believed Mr. Wheeler did not seem to be in touch with reality and appeared to be under the influence of narcotics or alcohol. Internal Investigation, IAD #02-1119.

3.    The officers tripped, used control holds, and sprayed him with OC Spray (pepper spray) to subdue him. Internal Investigation, IAD #02-1119.

4.    The officers then restrained Mr. Wheeler with handcuffs. Internal Investigation, IAD #02-1119.

5.    The Medical Examiner determined that the cause of death was: "Cardiac Dysrhythmia due to Drug Intoxication ***and Restraint*** (emphasis added)". Internal

Investigation, IAD #02-1119.

## II.    BACKGROUND

On August 17th, 2002, the deceased, William A. Wheeler, died as a result of Cardiac

Dysrhythmia due to "Drug Intoxication and Restraint" by police officers  Schaffling and Cannon

subsequent to deploying OC Spray on Mr. Wheeler. The officers believed Mr. Wheeler did not seem

to be in touch with reality and appeared to be under the influence of narcotics or alcohol.  The

officers tripped, used control holds, and  sprayed him with OC Spray (pepper spray) to subdue him.

The officers then restrained Mr. Wheeler with handcuffs.

## II.    DISCUSSION

Under FRCP 56, Defendants are only entitled to summary judgment, in whole or in part, if

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue of material fact and that the moving party is

entitled to judgment as a matter of law.  There are genuine issues of material fact and, therefore,

summary judgment should be denied.

## III.   THIS COURT SHOULD NOT GRANT SUMMARY JUDGMENT AGAINST PLAINTIFFS ON THE SECTION 1983 CLAIM AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITY.

To establish liability under Section 1983, plaintiffs must show that (1) defendants acted under

color of state law; and (2) their actions deprived the plaintiffs of rights secured by the Constitution

or federal statutes. *S.G. v. Sayreville Bd. of Educ.*, 333 F.3d 417, 420 (3d Cir. 2003). Defendants act

under color of state law when they exercise power "possessed by virtue of state law and made

possible only because [they are] clothed with the authority of state law." *Barna v. City of Perth*, 42

F.3d 809, 815-16 (3d Cir. 1994).

**A.** **Plaintiffs Have Adduced Evidence Of A District Custom, Practice Or Policy That Has Deprived William A. Wheeler Of Constitutional Or Statutory Rights.**

Section 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...**42 USC §1983.**

Thus, a municipality is liable under Section 1983 only "where the municipality itself – through an approved municipal policy or governmental custom – causes a constitutional violation." *Montanye v. Wissahickon Sch. Dist. et al.*, No. 02-8537, 2003 U.S. Dist. Lexis 15570, at *33 (E.D. Pa. Aug. 11, 2003).

Police officers Schaffling and Cannon tripped, used control holds, and sprayed him with OC Spray (pepper spray) to subdue him according to Philadelphia police department policy and procedures. See Exhibit "A", attached hereto. Therefore, there is sufficient factual dispute such that there is a genuine issue of material fact which necessitates a jury hear this case.

**B.** **When state actors knowingly place a person in danger, the due process clause of the Constitution has been held to render them accountable for the foreseeable injuries that result from their conduct whether or not the victim was in formal state custody.** *Kneip v. Tedder*, **95 F.3d 1199 3rd Cir., 1996).**

The *Kneip* Court applied a four-part test, originally articulated in *Mark v. Borough of Hatboro*, 51 F.3d 1137 (3d Cir., 1995) which imposes liability on a state actor if: (1) the harm ultimately caused was foreseeable and fairly direct; (2) the state actor acted in willful disregard for the safety of the plaintiff; (3) there existed some relationship between the state and the plaintiff; and (4) the state actors used their authority to create an opportunity that

-3-

otherwise would not have existed for the third party's act to occur. *Nordo v. School District of Philadelphia*, Eastern District Court of Pennsylvania, CV #00-1609 (EDPA, 2000).

1.  **The Harm Caused to William A. Wheeler Was Foreseeable and Fairly Direct.**

    The officers acknowledge that Mr. Wheeler was not acting rationally and appeared to be under the influence of alcohol or drugs of some kind. They also acknowledge that he appeared to be having some sort of seizure. Therefore, the harm caused to Mr. Wheeler was foreseeable. The medical Examiner clearly states that the cause of death was due to "Drug Intoxication and Restraint", so that the harm was directly caused by the actions of the defendants.

2.  **Defendant, Schaffling and Cannon, acted in willful disregard for the safety of the plaintiff, William A. Wheeler**

    For all of the reasons stated in paragraph #1 above, defendants, Schaffling and Cannon, acted in a willful disregard for the safety of William A. Wheeler.

3.  **There existed a relationship between plaintiff, William A. Wheeler, and the Defendants.**

    William A. Wheeler, was arrested by defendants, Schaffling and Cannon, police officers of the Philadelphia police department of the City of Philadelphia.

4.  **Defendants used their authority to create an opportunity that otherwise would not have existed for defendants' actions to occur.**

    For all of the reasons stated in paragraph #3 above, defendants, Schaffling and Cannon, used their authority to deploy OC spray on William A. Wheeler, restrain him, and arrest him.

IV.   **THIS COURT SHOULD NOT GRANT SUMMARY JUDGMENT AGAINST PLAINTIFFS ON THE SECTION 1983 CLAIM AGAINST DEFENDANTS, JOHNSON, SCHAFFLING, AND CANNON IN THEIR INDIVIDUAL CAPACITY BECAUSE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY FROM SUIT.**

Government officials may only incur personal liability for civil damages when their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 818 (1982). For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand what he is doing violates that right. *Walker-Serrano v. Leonard*, 2001 U.S. Dist. Lexis 17651.

Defendants, Johnson, Schaffling, and Cannon, clearly knew that Mr. Wheeler was not acting rationally and having a seizure. They should not have deployed OC spray on Mr. Wheeler and should not have handcuffed him, all of which led to Mr. Wheeler's death.

WHEREFORE, the Plaintiffs respectfully request this Honorable Court to deny defendants' Motion for Summary Judgment and enter an Order in the form attached hereto.

Respectfully Submitted,

Dated: March 14, 2005

LOUIS E. SLAWE
1515 Market Street, Suite 1510
Philadelphia, PA 19102
(215)557-0200
ATTORNEY FOR PLAINTIFFS

*MEMORANDUM*

POLICE
City Of Philadelphia
DATE: 1-12-04

TO:        Police Commissioner

FROM:      Commanding Officer, Internal Affairs Division

SUBJECT:   INTERNAL INVESTIGATION, IAD #02-1119

## ALLEGATION

On Saturday, 8-17-02, at approximately 3:44p.m., 22nd District police were called to 2218 W. Cumberland St. Upon arrival, officers were confronted by William Wheeler b/m, 38yrs. who resides at 2225 W. Cumberland St.

According to police department records, P/O Michael Cannon #1509 and P/O Gregory Schaffling #2024 responded to a radio call of a domestic incident. Upon arrival, both officers observed Mr. Wheeler armed with a 5" steak knife, threatening imaginary people. Police officers ordered him to drop the knife. His wife Delores Wheeler was able to grab the knife from him. He then produced a screwdriver and began running towards the police officers. The officers requested an assist officer; both officers deployed OC spray. Mr. Wheeler was subdued and went into a seizure. Medic #25 responded and transported him to the Medical College of Pennsylvania Hospital, where he was pronounced dead at 4:40 p.m. by Dr. Rudinsky.

A check of the microfiche file revealed that the officer involved is Police Officer Gregory Schaffling #2024, Payroll # ▮▮▮, appointment date 4-17-00, assignment date 12-14-00, assigned to the 22nd District.

A check of the microfiche file revealed that the other officer involved is P/O Michael Cannon #1509, Payroll # ▮▮▮ppointment date 4-5-99, assignment date 6-21-99, assigned to the 22nd District.

On 8-20-02, Sgt. Chester O'Neill #8785, IAD was assigned to this investigation.

## INVESTIGATIVE ANALYSIS

Delores Fuqua Wheeler b/f 42 yrs, (Wife of deceased) who resides at 2225 W. Cumberland Street, was interviewed on Saturday, 8-17-02, at 6:50pm, at Police Headquarters by Detective James Dougherty #842, Homicide Division.

Delores Wheeler stated she is the wife of the deceased, William "Tony" Wheeler, and they were married for about a year and a half.

In summary, Delores Wheeler stated Mr. Wheeler woke up about 7:00am on 8-17-02, and he seemed fine. He began drinking beer around 8:00am and then he went to purchase beer at 22nd & Lehigh Ave. and brought it home. He appeared upset, possibly because he had seen his daughter for the first time in fifteen years, and she was supposed to contact him, but she never did. On 8-17-02 at 3:00pm, he went outside but his wife, Delores, asked him to come back inside the house, but he repeatedly told her to call the police because someone was after him. He began to run from one neighbor's porch to another saying someone was after him.

He was yelling they were coming after him and he wanted to keep them from getting Miss Mary, an older person who lived on the street. Delores Wheeler summoned her neighbor, Renee Simmons, and asked her to call the police because she needed help with her husband, Mr. Wheeler. She was afraid her husband was going to run into the street and get hit by a car. She noticed he had a pair of scissors in his hand, which she was able to get from his hand, but he had a knife in the other hand. She injured her finger while trying to get the knife from him. At this time the police arrived and they tried to talk to him about giving up the knife, but he refused. The officers continued to reassure him no one was after him, but to no avail.

Mr. Wheeler's mother, Anna-Maria Wheeler, arrived and it was at that time he dropped the knife. He continued repeating someone was after him and they were going to kill him, he then produced a screwdriver from his pants pocket. He began running around parked cars, foaming at the mouth. An officer sprayed him with OC spray, and he fell to the ground. The officers then handcuffed him and the rescue squad arrived and took him to the hospital.

Delores Wheeler stated Mr. William Wheeler was in a program at the University of Pennsylvania Hospital for cocaine addiction and he was given a prescription. He was supposed to take three pills a day, but he did not take his medication that day. Delores Wheeler stated Mr. Wheeler was six feet two inches tall and weighed two hundred forty pounds and worked as an ironworker. He had seizures, high blood pressure and heart problems in the past. For the past two years he has battled cocaine addiction, and he failed a drug test in May of 02, and was sent back to jail by his probation officer. She had no knowledge of Mr. Wheeler acting in this manner previously.

Mrs. Anna-Maria Wheeler b/f 59 (Mother of deceased) resides at 3238 Page St. and was interviewed on Saturday, 8-17-02 at 7:10pm at Police Headquarters by Detective Brown #9136, Homicide Division.

She stated she is the mother of William Wheeler and he was her only son. She stated he was married for about two years and his wife's name is Delores. She knew her son suffered from seizures, but she was unsure for how long, because the condition was kept from her. When she became aware of the condition, she stated she believed it was drugs that brought on his condition. She believed her son snorted or smoked cocaine and he drank beer. She believed her son was to attend re-habilitation twice a week and he was given a prescription for cocaine addiction, but it didn't seem to work.

She had gone to her son's house on 8-17-02, to drop off a check for him, but was told by her daughter-in-law, her son was not home. A short time later Mrs. Anna-Maria Wheeler was contacted by Delores Wheeler requesting she come around to the house, because something was wrong with Mr. Wheeler. She stated she thought maybe her son, Mr. Wheeler, and daughter-in-law, Delores, were fighting. She hung up the phone and called 9-1-1, then drove to 2225 W. Cumberland Street. She stated she saw Mr. Wheeler sitting on the steps across the street with a screwdriver in his hand when she arrived. Mr. Wheeler appeared to be hallucinating. She thought that he was having a seizure. He kept repeating that someone was after him, but there was no one present.

Mr. Wheeler ran, slipped and fell when sprayed with OC spray. She thought he blacked out when he fell to the ground. The officers had nightsticks, but she shouted to them not to use them because he was already down and subdued. He began foaming at the mouth and it appeared he was having a seizure. The medic unit arrived and the officers unhandcuffed Mr. Wheeler so they could put him on the stretcher and transport him to the hospital.

Ms. Renee' Wheeler b/f 41, (Sister of deceased) resides at 3238 W. Page Street, was interviewed by Detective Barbara Revel, Homicide Division at Police Headquarters on 8-17-02 at 7:15pm.

She stated William "Tony" Wheeler is her brother. She became aware of the situation when she called her mother on her cell phone and was told her brother was having a seizure. She drove to Mr. Wheeler's house at 2225 W. Cumberland Street, as she arrived a rescue unit was on location. She knocked on the back door of the rescue unit to obtain information about her brother. An officer who was inside the rescue unit told her they were working on Mr. Wheeler. She drove to the hospital in her car while police transported her mother and sister-in-law.

Mr. Wheeler's mother told Ms. Renee' Wheeler, Mr. Wheeler was drinking and having hallucinations that someone was after him. As he was running, he fell down and had a seizure. Ms. Renee' Wheeler stated Mr. Wheeler had a cocaine problem since he was eighteen years old. He drank alcohol and he was being treated for high blood pressure and he was allergic to animals. He had bad seizures from cocaine in the past and he had been arrested for driving under the influence. Ms. Renee' Wheeler knew of two occasions when he tested positive for drugs and was put back in jail for parole violations.

Sergeant Stephen Cassidy #8821, PR ▓▓▓▓▓ 22nd District was interviewed by Detective Leon Lubiejewski #743, Homicide Division at Police Headquarters on 8-17-02 at 7:02pm.

Sgt. Cassidy stated that on Saturday, 8-17-02, he was working the 3:00pm X11:00 pm tour of duty assigned to 22A, solo. At approximately 3:40pm he responded to an assist officer radio call at 2218 W. Cumberland Street. Upon his arrival he observed Mr. Wheeler lying face down in the street, handcuffed behind his back, in front of 2218 W. Cumberland St. He asked what happened and he learned rescue was enroute, because Mr. Wheeler was having a seizure. He spoke with P/O Schaffling and P/O Cannon and they told him Mr. Wheeler was sitting on the steps of 2218 W. Cumberland Street when they arrived. They spoke with Mr. Wheeler's wife, Delores, who was cut on the hand and was present for the entire incident.

3

The officers were trying to talk Mr. Wheeler into giving up the knife he had on his person, but when they approached he began to run. They grabbed him and P/O Cannon deployed OC spray enabling them to get Mr. Wheeler on the ground and get him handcuffed. The officers noticed Mr. Wheeler was having a seizure so they called for rescue. Sgt. Cassidy noticed Mr. Wheeler was having trouble breathing so he had him turned over. The police, along with the rescue unit, put him into the rescue unit to transport him to the hospital. Sgt. Cassidy stated he spoke to Mr. Wheeler's wife, Delores; she stated Mr. Wheeler started drinking at about 8 a.m. and he started hallucinating and he kept repeating someone was after him. During the struggle to get a knife away from Mr. Wheeler, she was cut on the finger.

Sgt. Cassidy asked Delores Wheeler if Mr. Wheeler had any medical problems. She told him he had a history of seizures. Sgt. Cassidy established a crime scene after learning over police radio that Mr. Wheeler died. Sgt. Cassidy did not collect any evidence at the scene, but he did locate a witness before his supervisor Lt. Doran directed him to the Homicide Unit. Sgt. Cassidy had no reports of Mr. Wheeler being struck; he was told Mr. Wheeler was handcuffed and sprayed with OC spray. The two officers involved in apprehending Mr. Wheeler were P/O Schaffling and P/O Cannon.

Police Officer Sheila Pressley #3594, PR # ███████ assigned to the 22nd District was interviewed by Detective Pitt #9004, Homicide Division at Police Headquarters on 8-17-02 at 7:16pm.

P/O Pressley stated that on Saturday, 8-17-02, she was working the 2:45pm X 11:00pm tour of duty assigned to RPC #226. P/O Pressley responded to an assist officer call at 2218 W. Cumberland St. and when she arrived, she observed Mr. Wheeler with handcuffs on, lying on the ground. She checked that everyone was all right and transported Delores (Mr. Wheeler's wife) and Anna-Maria Wheeler (Mr. Wheeler's mother) to MCP Hospital. She later transported Anna-Maria, Delores and Renee' Wheeler to the Homicide Unit. Mr. Wheeler's mother told P/O Pressley when her son drinks and takes drugs at the same time it causes him to have seizures. P/O Pressley did not know if Delores and Mr. Wheeler were fighting, but she did report seeing an abrasion on the back of Delores Wheeler's arm.

P/O Ronald Davis #2052, PR # ██████ 22nd District was interviewed by the assigned on 11-15-02, at 9:15am inside IAD Headquarters.

On 8-17-02, P/O Davis was working the 3pm X 11pm tour of duty, with P/O Poliard #4811, assigned to RPC# 2218. On 8-17-02, the officers responded to an assist officer at 2218 W. Cumberland St. When they arrived on location the assist was over, but Mr. Wheeler was lying in the street face down with his hands handcuffed behind his back. P/O Davis stated he did not know if Mr. Wheeler was conscious or breathing. P/O Davis believed his partner called for a rescue unit. The officers were going to transport Mr. Wheeler in the back of the emergency patrol wagon, but they were told rescue was enroute. The officers resumed patrol. P/O Davis stated he did not see anyone restrain or strike Mr. Wheeler.

P/O Rodney Poliard #4811, PR # ██████ 22nd District was interviewed by the assigned on 11-15-02 at 9:00am inside IAD Headquarters.

On Saturday, 8-17-02, P/O Poliard #4811 was working the 3pm X 11pm tour of duty with P/O Davis #2052, assigned to RPC# 2218. On 8-17-02, they responded to 2218 W. Cumberland St., assist officer. When they arrived on the scene the assist was over. They spoke to P/O Cannon and P/O Schaffling, who told them Mr. Wheeler was having a dispute with his wife. Mr. Wheeler was lying on the ground face down and he was conscious. P/O Poliard thought Mr. Wheeler had a knife in his hand and he thought he had cut his hand. Rescue was called to the location and P/O Poliard and his partner resumed patrol. P/O Poliard did not see anyone restrain or strike Mr. Wheeler.

P/O Calvin Gibson #2218, PR # ██████ 22nd District was interviewed by the assigned on 11-19-02 at 5:30pm inside IAD Headquarters.

On Saturday, 8-17-02, P/O Calvin Gibson #2218, was working the 3pm X 11pm tour of duty, solo, assigned to RPC# 2216. On 8-17-02, P/O Gibson was on assignment when he heard P/O Cannon ask for additional cars in the 2200 block of Cumberland St. He rode in on the job and when he arrived, he saw Mr. Wheeler lying on the highway, handcuffed behind his back, on his side. He noticed Mr. Wheeler was breathing. P/O Cannon told P/O Gibson Mr. Wheeler kept saying, he was going to save someone, but whom he was going to save was unknown. P/O Cannon told P/O Gibson Mr. Wheeler had a large kitchen knife. Rescue was on location and they transported Mr. Wheeler to the hospital. P/O Gibson, along with other officers, attempted to get some background information from the neighbors on Mr. Wheeler, because it appeared that he might be under the influence of some type of drug. Information was received from some of the neighbors that Mr. Wheeler was a drug user most of his life.

Sgt. Cassidy told P/O Gibson to rope off the area and hold it as a crime scene. P/O Gibson held the scene until almost the end of the tour. P/O Gibson did not see anyone restrain or strike Mr. Wheeler. However, P/O Gibson remembered P/O Cannon told him, while attempting to apprehend Mr. Wheeler, he cut his wife with a knife before officers were able to take it from him and take him into custody.

P/O Stacy Ramirez #7486, PR # ██████ 22nd District was interviewed by the assigned on 11-15-02 at 10:00am inside IAD Headquarters.

On Saturday, 8-17-02, P/O Ramirez was working the 3pm X 11pm tour of duty, with P/O Ross 4731, assigned to EPW# 2200. On 8-17-02, they went to 2218 W. Cumberland St. for a 302-hospital case. When they arrived, Mr. Wheeler was in custody lying on the ground. Mr. Wheeler was breathing, but he looked like he had just suffered a seizure because he had spit coming from his mouth. P/O Ramirez stated Mr. Wheeler's wife was on location and she had taken a weapon from him prior to police arrival. Mr. Wheeler's wife relayed information to the first responding officers that Mr. Wheeler still had a knife.

P/O Ramirez remembered Mr. Wheeler's mother and sister showed up on the scene, but they did not supply any information about his drug use. P/O Ramirez recalled Mr. Wheeler's mother and sister were having a disagreement and they were hesitant to cooperate with the police. Mr. Wheeler's sister seemed to be angry with her mother and her sister-in-law because they never properly addressed Mr. Wheeler's problems.

5

P/O Ramirez remembered calling for rescue because she felt it was obvious the male was under the influence of more than just beer. Upon the arrival of rescue, she relayed her feelings to the rescue crew and they started to check Mr. Wheeler's breathing and pulse. P/O Ramirez stated when she first arrived, she remembered Mr. Wheeler was lying on his stomach, but he was turned on his back and that seemed to calm him down. P/O Ramirez felt that Mr. Wheeler's wife was not forthcoming with critical information about his drug use.

P/O Velma Ross #4731, PR# ███████ 22nd District was interviewed by the assigned on 11-15-02 at 10:35am inside IAD Headquarters.

On Saturday, 8-17-02, P/O Ross #4731, was working the 3pm X 11pm tour of duty, with P/O Ramirez #7486, assigned to EPW# 2200. They responded to 2218 W. Cumberland St. for an assist, and when they arrived Mr. Wheeler was already in custody. Mr. Wheeler was handcuffed behind his back and lying face down. Mr. Wheeler's mother was on location; she stated he had a seizure. P/O Ross requested a rescue unit; it arrived in about 5 minutes. When rescue arrived paramedics asked police to unhandcuff Mr. Wheeler, because he wasn't breathing. Police did unhandcuff him and rescue put him on a stretcher and immediately started working on him.

P/O Ross remembered Mr. Wheeler's sister came on location and she seemed angry with her mother and sister-in-law, because she stated they knew of Mr. Wheeler's drug problem and they wouldn't deal with it. A neighbor did tell police she thought Mr. Wheeler was up all night drinking beer and he was in front of the house running around with scissors. P/O Ross stated she did not witness anyone restrain or strike Mr. Wheeler.

P/O Gregory Schaffling #2024, Payroll # ███████ 22nd District was interviewed by the assigned on 12-02-03 at 9:00 a.m. inside IAD Headquarters.

On Saturday, 8-17-02, working the 3pm X 11pm tour of duty, assigned to RPC# 22T5, P/O Schaffling and his partner P/O Cannon responded to a call at 2218 W. Cumberland St. for a person with a weapon. P/O Schaffling arrived and was met by a woman. The woman had blood on her shirt. She motioned toward a black male sitting on the steps, later identified as William Wheeler. She said that he was her husband. P/O Schaffling noticed Mr. Wheeler was holding a knife in his hand.

P/O Schaffling started towards Mr. Wheeler. Mr. Wheeler was yelling at imaginary people. Mr. Wheeler did not seem to be in touch with reality and appeared to be under the influence of narcotics or alcohol. P/O Schaffling ordered Mr. Wheeler to drop the knife. Mr. Wheeler's wife was also telling him to drop the knife. She walked over and took the knife out of Mr. Wheeler's hand, but he produced a screwdriver and scissors from his pants.

Mr. Wheeler continued yelling louder and louder at imaginary people. Mr. Wheeler ran towards P/O Schaffling, who could see a screwdriver in Mr. Wheeler's hand. P/O Cannon deployed OC spray on Mr. Wheeler as he ran towards him. Mr. Wheeler ran in P/O Schaffling's direction, and P/O Schaffling deployed OC spray on Mr. Wheeler.

Mr. Wheeler turned and stumbled to the ground. P/O Cannon and P/O Schaffling attempted to subdue Mr. Wheeler, but he resisted being handcuffed. He kept his arms underneath his body and it wasn't known if Mr. Wheeler still had possession of the screwdriver. In a short time, P/O Schaffling and P/O Cannon were able to handcuff Mr. Wheeler, at which time he began to have a seizure. Police radio was notified to send rescue. Rescue responded within a couple of minutes and they transported Mr. Wheeler to the Medical College of Pennsylvania Hospital.

P/O Schaffling stated he did not see anyone strike Mr. Wheeler during the incident, but he did strike Mr. Wheeler on the upper arm with his hands while he and his partner were attempting to handcuff him. Mr. Wheeler attempted to keep his arms under his body in an effort to keep from being handcuffed and possibly conceal a weapon.

P/O Schaffling told the assigned, he was instructed by the Fraternal Order of Police not to give a statement or fill out a Use of Force form until the District Attorney's Office reviewed the incident.

P/O Michael Cannon #1509, Payroll #■■■■■■■2nd District was interviewed on 12-16-03 at 10:00 a.m. by the assigned inside I.A.D. Headquarters.

On Saturday, 8-17-02 while working the 3p.m. X 11p.m. tour of duty, with P/O Schaffling, assigned to RPC# 22T5, they responded to a domestic incident at 2218 W. Cumberland Street. Upon arrival, P/O Cannon saw a black male sitting on the steps and a female was standing in front of him. He noticed a steak knife with a black handle in the black male's hand, later identified as Mr. William Wheeler. The woman with Mr. Wheeler was his wife, and she was trying to take the knife from him. She did finally take the knife away from him, but he then produced a screwdriver. P/O Cannon believed Mr. Wheeler was high, based on his experience and observation. P/O Cannon told Mr. Wheeler several times to put down the knife and then the screwdriver, but he refused. After producing a screwdriver from his back pocket Mr. Wheeler started to run around yelling at imaginary people.

P/O Cannon deployed his department issued OC spray on Mr. Wheeler. The OC spray worked, but it did not take him off of his feet. P/O Cannon tripped Mr. Wheeler and used control holds to take him into custody, but Mr. Wheeler continued to resist. P/O Cannon called an assist officer, because Mr. Wheeler continued to resist being handcuffed. Neither P/O Cannon nor his partner P/O Schaffling used their batons, but they did use control holds and handcuffs to take Mr. Wheeler into custody. P/O Cannon stated rescue was notified immediately after Mr. Wheeler was handcuffed, but he was unsure who called for them. Rescue was on location within minutes and they transported Mr. Wheeler to the Medical College of Pennsylvania. Sgt. Cassidy and Lt. Doran came to the scene and instructed P/O Cannon and P/O Schaffling to hold the scene. P/O Cannon recovered a knife and a screwdriver and put them on a property receipt. Mr. Wheeler's wife told P/O Cannon, Mr. Wheeler had a pair of scissors before police arrived.

P/O Cannon told the assigned, he was instructed by supervisors the next day, not to give a statement or fill out a Use of Force form until the District Attorney's Office reviewed the incident.

The investigation revealed on 8-17-03, police were called to the location of 2218 Cumberland St. for a domestic incident. All interviews conducted confirm William Wheeler was armed, and acting irrationally, possibly under the influence of drugs or alcohol. Mr. Wheeler's family members reported to police that Mr. Wheeler had a long history of drug use and seizures. They also reported to police that Mr. Wheeler had been drinking earlier that day.

All interviews conducted are in agreement that police attempted to take Mr. Wheeler into custody, but he refused their commands. During the incident Mr. Wheeler was armed with a knife, screwdriver, and scissors. P/O Schaffling #2024 and P/O Cannon #1509 both admitted deploying OC spray on Mr. Wheeler, after he ran in their direction, refusing to drop the screwdriver he held in his hand. Police subdued Mr. Wheeler after a brief struggle. He was handcuffed and transported by Rescue #25 to the Medical College of Pennsylvania and was pronounced dead by Dr. Rudinsky M.D.

The assigned investigator has retained a copy of the radio tape of the incident that occurred at 2218 W. Cumberland St. on 8-17-03.

It should be noted that the officers notified their supervisor of the incident, but did not submit Use of Force forms. Use of Force notification sent on General #0879, Receipt #104. Incident carried under DC# 02-22-49823, Homicide #S02-104, I.A.D #02-1119, M.E. #02-3531.

It should be noted on 6-28-01, Mr. Wheeler was involved in a similar incident at 2153 N. 21st St. Mr. Wheeler was arrested during the incident and was charged with numerous offenses under DC# 01-22-034676. According to the PARS report Mr. Wheeler appeared to be under the influence of drugs or alcohol.

SUBMITTED BY:

Chester J. O'Neill
Sergeant        #8785
Internal Affairs Division

REVIEWED AND APPROVED BY

Vincent Strain
Captain        #9
Internal Affairs Division

8

## CONCLUSION

The investigation into the use of force by Police Officer Michael Cannon #1509, PR# 234874, involving Mr. William Wheeler revealed no violation of department policy.

The investigation into the use of force by Police Officer Gregory Schaffling #2024, PR# 238483, involving Mr. William Wheeler revealed no violation of department policy.

This investigation revealed that the officers involved in this incident followed the Force Continuum that is covered under Directive #22.

The officers exercised reasonable means of control and containment, using only the necessary force needed to overcome the resistance put forth by Mr. Wheeler. When the officers were interviewed, they denied striking Mr. Wheeler with their nightsticks, but did admit to using OC spray in conjunction with control holds.

A copy of this investigation should be made available to the Commanding Officer, 22nd District for his/her review and information.


Inspector Aaron Horne
Commanding Officer
Internal Affairs Division

9

11/01/2002 11:45    215386    4          PHILA MED INVE'          PAGE 87

M.E.CASE NO.
02-3531
NAME
William
Anthony
Wheeler Jr.

Page 2

City of Philadelphia
OFFICE of the MEDICAL EXAMINER
321 University Avenue, Phila. PA 19104
REPORT OF AUTOPSY

Pathologic Findings: (continued)

2 1/2 INCH FAINT LINEAR SCRATCH PROXIMAL RADIAL DORSAL LEFT
FOREARM

THREE PALE HEALING 1/2 INCH SCARS OF MIDDLE RADIAL RIGHT FOREARM

GENERALIZED VISCERAL CONGESTION AND MILD PULMONARY EDEMA

VERY "DUSKY" INJECTED BRAIN

QUICK SCREEN OF URINE POSITIVE FOR COCAINE AND OPIATES

NO OTHER SIGNIFICANT TRAUMA OR PATHOLOGY

CAUSE OF DEATH:

    CARDIAC DYSRHYTHMIA
    DRUG INTOXICATION AND EPILEPSY

MANNER OF DEATH: ACCIDENT

I. C. Hood MB,ChB
Deputy Medical Examiner
01 Nov 2002

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RENEE WHEELER,                    :          CIVIL ACTION
    ET AL.                        :
        Plaintiffs,          :
                              :

    -vs-                          :
                              :

CITY OF PHILADELPHIA,             :
    ET AL.                        :
        Defendants.          :          NO. 04-3792

### CERTIFICATE OF SERVICE

      I, Louis E. Slawe, certify that I served a true and correct copy of Plaintiff's Reply to Defendants' Motion for Summary Judgment to all of the Defendants by first class mail, postage prepaid, on March 14, 2005, to the following individuals:


LOUIS E. SLAWE                          EDWARD D. CHEW, JR.
1515 Market Street, Suite 1510          1515 Arch Street - 14th Floor
Philadelphia, PA 19102                  Philadelphia, PA 19102
(215)557-0200                           (215) 661-9413
ATTORNEY FOR PLAINTIFFS                 ATTORNEY FOR MUNICIPAL
                                        DEFENDANTS


Dated:  March 14, 2005

                            LOUIS E. SLAWE, ESQUIRE
                            Attorney for Plaintiffs

FILED

MAR 1 4 2005

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

11/01/2002 11:45    215386 .4          PHILA MED INVE          PAGE 04



... of Philadelphia
OF ... the MEDICAL EXAMINER
... Avenue. Phila. PA 19104
DE ... IFICATE INFORMATION

M.E. CASE No.
02-3531

Wheeler Jr. William.Antho
POLICE FILE No.
DC# 02-22-49823
S02-101
DATE REPORTED
08/17/2002  5:15pm/JKG

| NAME OF DECEASED (First Middle Last) | AGE | RACE | SEX |
|---|---|---|---|
| William Anthony Wheeler Jr. | 38 | Black | Male |

[1]      Name .............. ... ...... Anthony Wheeler Jr.
[4]      Date of Death... ........g 2002  4:40pm

[8b]     County of Death... ...... ...delphia
[8c]     City of Death...... ......delphia
[8d]     Facility Name... ..... ...al College of Pennsylvania Hospital
[9]      Hispanic Origin.

[24]     Time of Death... ......... ...pm
[25]     Date Pronounced. ..... ...g 2002
[26]     Referred to MEO. .

[27a]    Immediate Cause of ..... .....CARDIAC DYSRHYTHMIA
[27b]    Due To (or consequ... ....)....DRUG INTOXICATION AND RESTRAINT
[27c]    Due To (or conseq...... ...)
[27x2]   Other significant ...... ...ons

[28a]    Autopsy Performed ........
[28b]    Autopsy Results ........
[29]     Manner of Death.. ......... ...DENT

[30d]    Date of Injury.. ......g 2002
[30d]    Time of Injury... ...... ...own
[30c]    Injury at Work... ........
[30d]    Describe Injury ...... ...trained by police
                                 ......s intoxicated with
                                 .....ine
[30e]    Place of Injury ........
[30f]    Location......... ......W. Cumberland Street
                                 ...adelphia, PA  19131

[31d]    Date Signed... ...... ...ov 2002
[32]     Pathologist.... ..... ...d Hood MB,ChB
                                 ....y Medical Examiner
                                 ...versity Avenue

11/01/2002  11:45    215386  4          PHILA MED INVE                     PAGE  06



City of Philadelphia
OFFICE of the MEDICAL EXAMINER
___ty Avenue, Phila. PA  19104
REPORT OF AUTOPSY

| | |
|---|---|
| M.E. CASE NO.<br>02-3531 | |
| DATE OF DEATH<br>17 Aug 2002 | |

| DECEDENT'S NAME | | RACE | SEX | HEIGHT | WEIGHT |
|---|---|---|---|---|---|
| William Anthony Wheeler Jr. | | Black | Male | 5'10" | 245 lb |

| PRONOUNCED DEAD BY | | DATE | TIME |
|---|---|---|---|
| Dr. Rudinsky | College of Pennsylvania Hospital | 17 Aug 2002 | 4:40p |

| ID WITNESS NAME | | RELATION |
|---|---|---|
| Delores Wheeler | ___ W. Cumberland Street<br>___delphia,  PA  19131 | Wife |

**PATHOLOGIC FINDINGS:**

ROBUST ADULT MALE CADAVER ___ ___ARSE DISCONTINUOUS "TRAM TRACK" ABRASIONS AND BRUISES ABOUT ___ WRISTS FROM HAND CUFFS

SUPERFICIAL ABRASIONS OF BO___ ___TERIOR ELBOWS AND PROXIMAL DORSAL FOREARMS

SCATTERED SCRATCHES, SUPER___ ___RUISES AND ABRASIONS DOWN ULNAR DORSAL RIGHT FOREARM ___

VERY FAINT 1 INCH ABRASION ___ ANTEROLATERAL PROMINENCE OF RIGHT CHEEK

2 INCH PATCH OF SCATTERED ___ ___CIAL "SCUFF" ABRASION OVER POSTERIOR RIGHT SHOULDER

SMALL (UP TO 1/2 INCH) SUPE___ ___AL ABRASIONS OF BACK OF RIGHT HAND, DORSAL METATARSAL-PHA___ ___ KNUCKLES OF RIGHT RING FINGER AND THUMB ON DORSAL FIRST ___ OF RIGHT LITTLE FINGER AND ON INTERPHALANGEAL KNUCKLE OF ___ THUMB

SUPERFICIAL 1 INCH ABRASION ___ ___ERIOR RIGHT KNEECAP, SUPERFICIAL 3/4 INCH ABRA___ ___ ANTEROLATERAL DISTAL RIGHT KNEE AND 1/2 INCH SUPERFICIAL ___ ___ OF ANTEROMEDIAL PROXIMAL LEFT LOWER LEG

3 BY 2 1/2 INCH BRUISE WITH ___AL PALLOR OVER ANTEROMEDIAL PROXIMAL RIGHT LOWER LEG

5/8 BRUISE OF DORSAL LEFT F___

TRAUMATIC 1 BY 3/4 INCH E___ ___ DEFECT OF SKIN OVER MEDIAL BALL OF RIGHT FOOT (DISTAL ___ METATARSAL HEAD)